HENRY B. WINSLOW, administrator, *vs.* NEW ENGLAND
CO-OPERATIVE SOCIETY.

Middlesex.    December 6, 1916. — January 10, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Causing death, Motor vehicle.    *Motor Vehicle.*    *Agency*, Scope of
employment.

In an action by an administrator for causing the death of the plaintiff's intestate
by a collision of a motor delivery truck of the defendant with a motor cycle
which the intestate was riding, if it appears that the truck was being driven by
one in the general employ of the defendant who was being taught to drive it
by a man accompanying him, who also was in the general employ of the defend-
ant and had been ordered by the defendant's manager to teach him, and that
the accident happened when the two men were returning from dinner and when
the first employee was operating the truck under the other's instructions, a
finding is warranted that at the time of the collision the defendant's servants
were "engaged in his or its business" within the meaning of St. 1907, c. 375.

If one riding a motor cycle on a highway turns to the right to pass in front of a
motor delivery truck that is going in the same direction when he is forty or fifty
feet ahead of it, and if one of the wheels of the motor cycle slips or skids in turn-
ing, or the rider loses his balance, and he is struck by the motor truck, receiving
injuries that result in his death, in an action against the owner of the truck for
causing his death it can be found that the defendant's servant operating the
truck was negligent, although *it seems* that, if the rider of the motor cycle had
turned directly in front of the motor truck when it was only four or five feet
away, the collision could not have been avoided by the driver of the truck and
the defendant would not have been liable.

In an action by an administrator under St. 1907, c. 375, against the owner of a
motor truck for causing the death of the plaintiff's intestate by the negligence
of the driver of the truck while engaged in the defendant's business, it is no
defence that the defendant's servant "acted with as much care and skill as could
reasonably be expected from a person of his lack of experience" if he failed to
exercise the care of an ordinarily prudent person.

TORT by the administrator of the estate of George W. Winslow,
late of Saugus, for causing the conscious suffering and death of
the plaintiff's intestate by striking with a Ford motor delivery
truck of the defendant a motor cycle on which the intestate was
riding on Main Street in Melrose on June 19, 1915. Writ dated
September 9, 1915.

The first count was for the conscious suffering of the intestate
from June 19 until June 28, when he died. The second count was

for causing the death of the intestate, who was twenty years of age and unmarried, and was brought for the benefit of his next of kin.

In the Superior Court the case was tried before *Sisk*, J. The Ford motor delivery truck was owned by the defendant and was being operated by one Bartlett, who was in the general employ of the defendant and who was accompanied by one Clifford, who also was in the general employ of the defendant and was instructing Bartlett in the operation of the Ford machine. Both the motor cycle and the delivery truck were registered. The plaintiff's intestate had a license to operate the motor cycle in his possession at the time of the accident and Clifford had in his possession at the time of the accident a license to operate motor vehicles.

The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for it. This the judge refused to do. The defendant then asked the judge to make, among others, the following rulings:

"1. There is no evidence that the defendant or its agents or servants were negligent."

"15. If the jury find that the person operating the automobile had a right to operate it, even if the jury also find that his lack of experience contributed to the accident, the plaintiff cannot recover if the person operating the automobile was acting with as much care and skill as could reasonably be expected from a person of his lack of experience under all the circumstances existing at the time of the accident."

The judge refused to make either of these rulings. In the course of his charge the judge instructed the jury as follows:

"Now there is a sharp conflict of evidence as to the movements of the motor cycle as it was passing the auto and the distance it was ahead of the auto when the deceased turned from the tracks of the railroad company into or toward the macadamized road, as bearing on the question of the defendant's negligence. You see this becomes of importance because it cannot be claimed that the driver or those in charge of the auto were negligent if the driver of the motor cycle suddenly without warning turned from the track on to the macadamized road in front of the auto, or within such a short distance that the driver could not, in the exercise of

due diligence under the circumstances, prevent the auto from striking the motor cycle. The evidence is in conflict as to whether when the deceased turned from the track into the macadamized road the right hind wheel of the motor cycle did not skid and throw him off or so that he was partially off with one foot on the ground. So you can see the importance of determining the distance between the two vehicles at the time when the motor cycle turned from the tracks to the right side of the road. Did those in charge of or who were operating the auto act as reasonably prudent men ought to act in the management of the auto under all the circumstances as disclosed here? That is, whoever was driving, or if they were both driving, it is for you to say if he or they were acting as reasonably prudent men ought to act under like circumstances to stop the auto before it struck the motor cycle. If you say they did not and so failed to stop the auto, that would be evidence of negligence on the part of the defendant under all the circumstances as disclosed here. The question is, did those in charge of this auto act as reasonably prudent men ought to act in the management and control of the car under all the circumstances? The burden of proof is on the plaintiff to prove that he or they did not so act by a fair preponderance of all the evidence, and that the accident was due to such negligence; and if he fails in so doing, then your verdict should be for the defendant. If the plaintiff has sustained this burden that rests upon him, then you proceed to the question of the intestate's due care."

The defendant excepted "to that portion of the charge which lays down the standard of care as being that of an ordinarily prudent man without calling further attention to the possible incapacities of this particular chauffeur, Bartlett."

The jury found for the plaintiff in the sum of $5,500, assessing the damages on the first count for conscious suffering in the sum of $500 and the damages on the second count for causing death in the sum of $5,000. The defendant alleged exceptions.

*F. Peabody, E. K. Arnold & S. H. Batchelder,* for the defendant, submitted a brief.

*M. F. Cunningham, (J. A. Pagum* with him,) for the plaintiff.

CROSBY, J. The accident which resulted in the death of the plaintiff's intestate occurred on Main Street in Melrose on June 19, 1915. The declaration is in two counts: the first for the

conscious suffering and the second for the death of the intestate. The plaintiff's intestate, whom we will hereafter refer to as the plaintiff, while riding a motor cycle attempted to pass in front of the defendant's motor truck which was travelling in the 'same direction, the wheel of the motor cycle slipped or skidded as the plaintiff turned to the right, or he lost his balance, and was struck by the motor truck, receiving injuries which resulted in his death.

There was evidence that the defendant's manager had instructed Clifford, an employee of the defendant, to teach Bartlett, another employee of the defendant, to drive the automobile, and that the accident occurred when Clifford and Bartlett were returning from dinner and while Bartlett was operating the car under Clifford's instructions.   Under these circumstances a finding was warranted that the accident happened while the defendant's servants were engaged in its business within the terms of St. 1907, c. 375, § 1.   As the charge upon this branch of the case is not reported, it is to be assumed that full and accurate instructions were given.

The testimony as to the circumstances of the accident was conflicting.   The evidence offered by the defendant tended to show that the plaintiff ran his motor cycle directly in front of the defendant's motor truck when the latter was but four or five feet away; if this evidence was believed it is plain that the plaintiff could not recover.   The jury, however, was not bound to accept this version of the manner in which the accident happened, but could have found that the plaintiff turned to pass in front of the truck when it was forty or fifty feet away, and that the defendant's servant, who was operating the truck, by the exercise of reasonable care could have avoided the collision.   *Rogers* v. *Phillips*, 206 Mass. 308; *S. C.* 217 Mass. 52.

The jury also was warranted in finding that the plaintiff was in the exercise of due care.   St. 1914, c. 553.   It follows that the presiding judge could not have directed a verdict for the defendant nor have given its first ruling requested.

It is manifest that the defendant's fifteenth request, made generally, was wholly inapplicable to the first count for conscious suffering, and therefore could not have been given.   Aside from that objection, it was not a correct statement of the law as applied to the second count which is for death.   If the death of the plaintiff was caused by the negligence of the defendant's servant while

engaged in its business, and while the plaintiff was in the exercise of due care, the defendant would be liable.. The amount of damages, within the limits prescribed by the statute, would be determined by the degree of culpability. The plaintiff was not precluded from recovery even if the servant whose negligence caused the accident acted "with as much care and skill as could reasonably be expected from a person of his lack of experience." If the defendant desired more specific instructions to be given upon the matter of damages under the second count, or was of opinion that the instructions as given were inadequate, the judge's attention should have been directed to that subject.

The fifteenth request, construed in accordance with its ordinary and natural meaning, was a request for an instruction that the driver of the motor truck was not negligent if he acted with as much care as could be expected in view of his lack of experience even if he failed to exercise the care of an ordinarily prudent person. That proposition is contrary to the well established rule, and no authority in its support has been cited. The request did not in terms refer to the culpability of the defendant's servant, nor could it be inferred necessarily that it was directed to that question. The instructions given, so far as recited in the bill of exceptions, were clear and accurate.

*Exceptions overruled.*