CHARLES F. WILSON *vs.* A. L. FREEMAN.

Middlesex.    May 21, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* In use of way, Motor vehicle, Contributory.

At the trial of an action of tort for personal injuries by a pedestrian against the owner of a motor truck, there was evidence that the plaintiff was deaf; that, upon approaching the intersection of streets, he paused at the curb to watch a traffic officer on duty; that the officer beckoned to the plaintiff to proceed; that the plaintiff thereupon walked toward the further corner of the intersection, not looking for vehicles in the intersection but "straight ahead for the sidewalk"; and that he was within a few feet of his objective when he was struck from behind by the defendant's truck, which, upon approaching the intersection, had been signalled by the officer to proceed and which then had made a left turn behind the officer toward the place where the plaintiff was crossing. The operator of the truck testified that he was moving about three miles per hour when he struck the plaintiff. *Held,* that

(1) A finding of negligence on the part of the operator was warranted;

(2) The plaintiff was entitled to rely to some extent on the theory that the operator would exercise care toward him;

(3) The plaintiff had a right to trust to a considerable extent, although not exclusively, on the signal to him by the officer;

(4) It could not be ruled as a matter of law that the plaintiff had failed to exercise the degree of care required of him by his deafness;

(5) It could not be ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT. Writ dated January 3, 1929.

Material evidence at the trial in the Superior Court before *Macleod,* J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $3,000. The defendant alleged an exception.

*J. F. A. Daly*, for the defendant.

*R. T. Bushnell*, for the plaintiff.

RUGG, C.J.　This is an action of tort by a pedestrian upon a public way to recover compensation for personal injuries alleged to have been sustained through the negligence of a servant of the defendant driving his motor truck.　The accident occurred about six o'clock in the afternoon of a January day at or near a public square devoted to travel formed by the intersection of Beacon Street with Langley Road and their conjunction with Summer Street in that part of Newton known as Newton Center.　Thus, apart from names, the square appeared to be a place to which five streets converged.　At each of these five corners was a street light.　The square was open and free from obstructions.　The plaintiff was deaf.　There was testimony tending to show that the plaintiff was walking along the sidewalk on Langley Road toward the square. When he reached the curb at the square he saw a traffic officer on duty standing "very close to the crosswalk." He stopped at this curb "to see that the way was clear" and to watch the officer, who beckoned him "to come." He then proceeded to cross the street and had walked about eighty feet toward, and reached a point within about ten feet from, the further corner of Beacon Street and Langley Road "when he was struck by the defendant's truck in the back and knocked down."

The plaintiff was not looking for vehicles in the square but was looking toward the officer for safety and "straight ahead for the sidewalk."　The traffic officer, after beckoning the plaintiff to come across the street, seeing the truck of the defendant stopped on Langley Road southerly of Beacon Street, gave the defendant's driver direction to "come ahead."　The driver of the truck thereupon drove it to a point near the traffic officer, and made a left turn behind him to go on Beacon Street toward the place where the plaintiff was crossing.　The traffic officer did not see the accident but heard a thud and groan and saw the plaintiff on the street within a foot or two of the place where he was struck.　The servant of the defendant in

charge of the truck testified that on signal from the traffic officer he started up and made a left turn around the traffic officer and had just started to continue on Beacon Street and was moving at a rate of about three miles an hour when he struck the plaintiff.

It is plain that, from this narration of the evidence, a finding that the defendant's servant in charge of his truck was negligent was amply warranted. There was nothing to obstruct his view of the plaintiff and the slowness of his speed would have enabled him to stop quickly, if he had been careful of the safety of others. The signal of the traffic officer did not authorize him to make a turn so as to collide with the plaintiff.

The question of the plaintiff's due care is closer, but on this point the case was rightly submitted to the jury. He had a right to act in part on the theory that the driver of a motor vehicle would exercise reasonable caution with respect to him as a fellow traveller on the way and to assume to some extent that such driver would not run into him from behind in the circumstances here disclosed. If he had been highly alert in looking out for careless drivers it might have been found that he would not have discovered that the truck of the defendant had been turned at a direct angle and was being driven toward him until too late to avoid the impact. He rightly might trust to a considerable extent although not exclusively the signal of the traffic officer.

The deafness of the plaintiff did not deprive him of the rights of a traveller. That infirmity required increased and commensurate circumspection on his part in order to attain the standard of conduct established by the law for everybody. There is nothing on this record to indicate that he failed to attain that standard or that his deafness contributed to his injury. It does not appear that there was any sound which would have given warning of danger to one of acute hearing.

*Exceptions overruled.*