GEORGE HUTCHINSON *vs.* H. E. SHAW COMPANY.

Worcester.     September 24, 1930. — October 3, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, In use of way.

At the trial of an action of tort for personal injuries resulting from the plaintiff's being struck by a motor truck of the defendant, it could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence on evidence that the plaintiff looked in both directions before crossing a street; that no vehicles were parked on the side of the street from which he crossed; that he then walked to the middle of a trolley car track where he paused to permit an automobile coming from his right to pass in front of him; that, while walking on the street and also while waiting for that automobile to pass, he looked again to his left but saw no vehicle approaching; and that while still waiting he was struck by the truck, which came from his left.

TORT. Writ dated May 26, 1928.

Material evidence at the trial in the Superior Court before *Beaudreau*, J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. The jury found for the plaintiff in the sum of $3,000. The defendant alleged an exception.

*C. C. Milton*, (*S. B. Milton* with him,) for the defendant.
*E. A. Ryan*, for the plaintiff.

RUGG, C.J. This is an action of tort by a pedestrian to recover compensation for injuries sustained by him by being struck by a motor truck of the defendant. There

was testimony to the effect that the plaintiff, intending to cross from the east to the west side of a public way, looked in both directions before leaving the sidewalk and saw no automobiles approaching; that at that time none was parked on his side of the street; that he then walked to the middle of a trolley car track where he paused to permit an automobile coming from his right to pass in front of him; that while walking on the street and also while waiting for that automobile. to pass, he looked again to his left but saw no vehicle approaching and while still waiting he was struck by the truck of the defendant which came from his left. There was testimony of a contrary nature which, if believed, showed that the plaintiff came suddenly out from behind an obstruction into the path of the oncoming truck without looking. Credence might have been given to the part of the testimony supporting the contention of the plaintiff. The plaintiff's testimony was not incompatible with conceded or incontrovertible facts. The question of his due care on all the evidence, including that most favorable to him, was for the jury. It could not rightly have been ruled that he was wanting in due care or was guilty of contributory negligence. The rights and duties of the plaintiff and of the defendant were reciprocal and must be so exercised by each as not to injure the other, and each might rely to some extent upon the due care of the other. The case at bar is governed by *Hennessey* v. *Taylor*, 189 Mass. 583, *Gauthier* v. *Quick*, 250 Mass. 258, *Newman* v. *Hill*, 250 Mass. 578, *Di Rienzo* v. *Goldfarb*, 257 Mass. 272, 280, *Hepburn* v. *Walters*, 263 Mass. 139, and *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. It is distinguishable from cases like *Swetzoff* v. *O'Brien*, 226 Mass. 438, *Sullivan* v. *Chadwick*, 236 Mass. 130, *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235, *Will* v. *Boston Elevated Railway*, 247 Mass. 250, and *Murphy* v. *Boston Elevated Railway*, 262 Mass. 485, upon which the defendant relies. It rightly has not been argued that there was no evidence of negligence on the part of the driver of the truck of the defendant.

*Exceptions overruled.*