JUANITA M. BUTLER *vs.* GEORGE H. GRAVES.

Berkshire.    January 12, 1933. — September 13, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way, One riding on horseback.

One riding on horseback on a public way and one operating an automobile thereon have equal rights as travellers to the use of the way, and are equally obliged to use reasonable care to avoid a collision.

At the trial of an action for personal injuries, there was evidence that the plaintiff, riding on horseback, and the defendant, operating an automobile, approached each other from opposite directions at night on a public way about sixteen feet wide; that the plaintiff's horse was under control and was trotting slowly on the plaintiff's right side of the road, three or four feet from the edge of the travelled portion; that the plaintiff and the defendant each saw the other when they were not more than one hundred feet apart; that the plaintiff did not change the course or speed of his horse; and that the defendant's automobile left his right side of the way, went across to the other side straight toward the plaintiff at a "pretty fast" rate of speed and struck the horse. *Held*, that

(1) A finding of negligence on the part of the defendant was warranted;

(2) As a traveller on a public way, the plaintiff had the right to rely to some extent, although not wholly, upon the defendant's using proper care to avoid injuring him;

(3) There was no merit in a contention by the defendant that the plaintiff failed to exercise adequate care because he did not slow his horse, or stop, or go even nearer to the edge of the travelled portion of the way;

(4) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT. Writ dated January 18, 1930.

The action was tried in the Superior Court before *Brown*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged an exception.

*F. M. Myers*, for the defendant.

*M. B. Warner*, for the plaintiff.

DONAHUE, J.  An automobile driven by the defendant
and a horse ridden by the plaintiff were in collision upon
a public highway and injury to the plaintiff resulted.  At
the trial in the Superior Court before a jury there was a
verdict for the plaintiff.  The only exception of the de-
fendant here presented is to the denial of his motion for a
directed verdict, hence the verdict must stand if warranted
upon any view of the testimony, *Margeson* v. *Town Taxi,
Inc.* 266 Mass. 192, 194, except that the plaintiff is to be
held bound by her own testimony as to her knowledge and
her feelings.  *Laffey* v. *Mullen*, 275 Mass. 277.

The testimony was sharply contradictory in material
aspects but the record warrants the view of the evidence
here presented.  The accident happened in the night time.
The road ran east and west, had a gravel surface and the
travelled portion was about sixteen feet wide.  The plain-
tiff's horse was proceeding westerly under control and trot-
ting slowly on the northerly side of the road, three or four
feet from the northerly edge.  A companion, also on horse-
back, was riding directly behind.  The defendant saw the
two horses approaching when his automobile was seventy-
five to one hundred feet away and on the southerly side of
the road.  It could have been found that the horses then
and thereafterwards followed a straight course leaving the
greater part of the width of the wrought highway free for
the passage of the defendant's automobile but that he con-
tinued to drive on, left the southerly portion of the high-
way and came over to the side where the plaintiff was and
there his automobile struck her horse throwing it back
upon its haunches.

The plaintiff and the defendant as travellers on a public
highway had equality of right to traverse the area thus
dedicated to common use and were not restricted to par-
ticular portions of the wrought surface of the road.  But
with this equality of right went equality of obligation to
use reasonable care to avoid a collision.  With knowledge
that the two riders were approaching but without compul-
sion by reason of other traffic, for there was none, or be-
cause of the condition of the surface of the roadway, for

this did not appear to be abnormal, he drove his automobile, or permitted it to go over to his left side of the road and into collision with the plaintiff's horse. A finding of the jury that his conduct did not comply with his obligation to use care was not unwarranted.

Shortly before the accident the plaintiff had been riding on the south side of the road and while there saw the lights of the defendant's automobile shining over a hill up which it was coming. She could not then see the automobile itself but promptly crossed over to the north side of the road. She was riding on that portion of the highway in a westerly direction, her horse moving at a slow trot, three or four feet from, and parallel with, the north edge of the travelled surface when she first saw the approaching automobile at a distance of ninety or ninety-five feet. She testified that it came over to her side, straight toward her, at a speed which she thought was pretty fast. Her horse proceeded on the same course and at the same rate of speed up to the instant of collision. The defendant contends that the plaintiff failed to exercise adequate care because she did not slow down her horse, or stop or go even nearer to the edge of the road. As a traveller on a public highway she had the right to rely to some extent although not wholly upon the defendant's using proper care to avoid injuring her. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51. She had left the greater part of the width of the roadway available for use by the defendant and might rely to some extent upon the expectation that he would use that space for passage with safety to both and not ignore it and run into her horse. *McGuiggan* v. *Atkinson*, 278 Mass. 264, 266. *Gauthier* v. *Quick*, 250 Mass. 258, 261. The threat of actual danger came upon the plaintiff with some suddenness. The respective abilities of the parties to avert the accident in the seconds immediately preceding its occurrence were not the same. A horse cannot suddenly be manoeuvred with the same deftness and certainty as an automobile. *Commonwealth* v. *Horsfall*, 213 Mass. 232, 235. An attempt by the plaintiff in a few seconds to force her horse to the very edge of the roadway might result in the animal leaving the

wrought area of the highway altogether with the danger incident to such an occurrence in the night time. Under the circumstances which might have been found to exist the jury was properly permitted to pass upon her conduct. A ruling of law that the defendant had sustained the burden of proving that the plaintiff failed to exercise the requisite care could not rightly have been made.

*Exceptions overruled.*