GEORGE G. DERBY *vs.* RAILWAY EXPRESS AGENCY, INCORPORATED.

Essex.  March 5, 1936. — October 27, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way.

A finding of negligence of the operator of a motor truck who ran into a pedestrian crossing a street at a busy square in a city would have been warranted by the evidence.

TORT.  Writ in the Superior Court dated December 14, 1932.

The action was tried before *Dillon*, J., who ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*P. A. Kiely*, for the plaintiff.

*A. M. Pinkham*, (*D. F. McNeil* with him,) for the defendant.

DONAHUE, J.  The plaintiff, while walking across Exchange Street in the city of Lynn, was struck and injured by an automobile truck operated by an employee of the defendant. On motion of the defendant the trial judge in the Superior Court, at the close of the plaintiff's evidence, directed the jury to return a verdict for the defendant, and the plaintiff excepted.

The accident happened on a rainy night in November in the vicinity of the southeasterly corner of the intersection of Exchange Street, which runs approximately east and west, and Union Street, which runs approximately north and south. The plaintiff came out of a store near the corner and crossed the southerly sidewalk of Exchange Street to the curbing, where three other persons were standing. At that time vehicles were moving in both directions in Exchange Street. There were lights in the neighboring store windows and the street lights were lit. While standing at the curb the plaintiff heard the whistle of a traffic officer in the intersection and thereafter the vehicular traffic stopped on that part of Exchange Street. The plaintiff looked to his left toward Union Street and saw no automobile. The three other persons who had been standing at the curb started to cross Exchange Street at a place where pedestrians generally cross. The plaintiff followed them. When he had proceeded as far as the street car tracks which were in the street, a distance of ten or twelve feet, he was struck by the right side of the bumper of the defendant's automobile and knocked down. He did not see the automobile before it struck him.

The defendant concedes that the testimony viewed in the light most favorable to the plaintiff warranted the inference that the plaintiff was, at the time of the accident, in the exercise of due care but contends that the evidence did not warrant the conclusion that negligence of the driver of the defendant's automobile caused his injury. The automobile stopped when it had pushed the plaintiff about a foot. There was no evidence that the automobile was being operated at any considerable rate of speed at the time of the accident. The only evidence as to the movements of the automobile prior to the instant of the collision appears in the written answer of the defendant to an interrogatory propounded by the plaintiff. To the interrogatory, "What was the speed of your automobile in miles per hour . . . fifty feet from the point of the accident?" the answer was: "Fifty feet away was around the corner on Union Street and the truck was going at ten miles per hour and slowed up

to make the turn." The finding was justified that the defendant's automobile had come out of Union Street, and had turned to the right into Exchange Street at a speed of less than ten miles an hour when the collision occurred.

We think that the circumstances which a jury might justifiably have found to exist at the time and place of the accident would have warranted the conclusion that the defendant's employee failed to exercise the care of a prudent driver under the same circumstances. There was in evidence a plan of the locality drawn to scale. The corner was a diagonal and not a right angle or sharp corner. The adjacent building occupied by stores was set back on a diagonal line. The driver while some distance back on Union Street, although at places his view was obstructed by pillars set on the sidewalk, had, as he approached the corner, an opportunity to see a considerable portion of Exchange Street at his right including the place on the sidewalk where, according to the plaintiff's testimony, he and three other pedestrians had stopped and the portion of the street where they all undertook to cross. The street lights and the lights in the stores were lit. It was raining and the driver had to make a turn into an intersecting street at a place described in the testimony as "a very busy square and street."

The plaintiff testified in effect that before he attempted to cross he had looked to his left, which was in the direction of Union Street, and saw no motor vehicles in motion at that time. The inference is warranted that before the defendant's automobile reached Exchange Street all vehicular traffic on that street had stopped upon the blowing of the traffic officer's whistle, and that there was a space free of vehicles adaptable to the crossing of the street by pedestrians. There would thus be presented to the mind of an observant and prudent driver of an automobile on Union Street before he reached Exchange Street the likelihood that there would be pedestrians taking advantage of the opportunity to cross.

The inference was also warranted that the plaintiff had begun the crossing of the street behind three other pedes-

trians when the automobile had reached a point in its entry into Exchange Street where the driver's view of the crossing was wholly unobstructed. From the plan it is manifest that such a point must have been at least fifteen feet from the place where the pedestrians were undertaking to cross. The fact that the right side of the bumper struck the plaintiff when he had proceeded ten or twelve feet from the curb indicates that the driver made a wide turn. There were no automobiles parked on Exchange Street in the vicinity of the intersection at the driver's right as he made the turn. The failure of the driver to avoid hitting the plaintiff either by availing himself of the ten or twelve feet between the plaintiff and the curb (*Legg* v. *Bloom*, 282 Mass. 303, 305; *McGuiggan* v. *Atkinson*, 278 Mass. 264, 266; *Mulroy* v. *Marinakis*, 271 Mass. 421, 424) or by stopping his automobile which was moving slowly, *Wilson* v. *Freeman*, 271 Mass. 438, 440, might properly have been found to constitute negligence.

*Exceptions sustained.*