Briggs, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained, as she alleges, through the negligence of the defendant while operating an automobile over a public way in Quincy. The answer of the defendant is a general denial and allegation of contributory negligence. At the close of the evidence, and before final argument, the plaintiff filed the following requests for rulings—
1 — Upon all the evidence the plaintiff is entitled to recover because
(a) The defendant was negligent;
(b) The defendant’s negligence was a proximate cause of the plaintiff’s injuries; and
(c) There was no contributory negligence on the part of the plaintiff.
12 — The rule of ordinary care does not impose upon the pedestrian the burden of being constantly on the lookout to see if the path is clear.
The Court found for the defendant and said “The first request is denied because I find that there was contributory negligence on the part of the plaintiff.” The 12th request was denied by the court.
*318 . No supporting findings of fact appear from the report, and it seems unnecessary to recite the evidence in detail. The denial of the 12th request was error. There is no imperative rule of law requiring a pedestrian when lawfully using the public ways to be continuously looking or listening to ascertain if automobiles are approaching, under the penalty that upon failing to do so, if he is injured, his negligence must be conclusively presumed. Hennessey vs. Taylor, 189 Mass. 583, 585.
The plaintiff had a right to rely, to some extent, on the expectation that the defendant’s automobile would not run into her when there was, as it here appears in the report, ample room for it to pass without striking her. The rule of ordinary care does not impose on travellers the burden of being constantly on the lookout to see if the path is clear. Gauthier vs. Quick, 250 Mass. 258, 261; Butler vs. Graves, 284 Mass. 84.
It is well settled that the trial judge, sitting without a jury, must correctly instruct himself as to the governing-rules of law, and must pass upon pertinent requests for rulings of law in such a way as to make plain that he has not fallen into error. He must follow those rules in making* the findings of material facts upon the evidence. John Hetherington & Sons, Ltd. vs. Firth Co., 210 Mass. 8, 19. Castano vs. Leone, 278 Mass. 429; Povey vs. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 767.
While there is conflicting evidence disclosed by the report which might support a finding of contributory negligence, no findings were made by the court to indicate how he reached that conclusion. He was bound to follow the rulings by which he instructed himself, and having instructed himself erroneously with reference to the degree of cafe required of the plaintiff we cannot say that the error was not prejudicial to the plaintiff.
*319 The plaintiff claimed also to be aggrieved by the action of the court on the requests filed by the defendant. In view of the error disclosed it is unnecessary to consider these rulings. A new trial must be granted, and it is SO ORDERED.