JOHN PERRICOTTI *vs.* CHARLES ANDELMAN.

Suffolk.   October 6, 1937. — November 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Motor vehicle, In use of way.

A finding of negligence of the driver of an automobile was warranted by evidence that it struck with great force a pedestrian standing in plain view near the side of the highway.

TORT.   Writ in the Superior Court dated June 6, 1933.

The action was tried before *Hurley,* J. There was a verdict for the plaintiff in the sum of $855. The defendant alleged exceptions.

*J. J. Mulcahy,* (*M. K. Campbell* with him,) for the defendant.

*G. E. Constantino,* for the plaintiff.

RUGG, C.J.   The plaintiff seeks in this action of tort to recover compensation for personal injuries sustained by him when struck on a public way by an automobile owned and operated by the defendant. The trial judge denied the motion of the defendant for a directed verdict in his favor. A verdict was returned in favor of the plaintiff. The only point argued by the defendant is that there was no evidence of his negligence. Other questions must be taken to be waived. The evidence bearing on that point may be summarized as follows: The plaintiff testified that at about half past two o'clock on a March afternoon he had been riding on a coal truck on Broadway in Cambridge. That street was about fifty feet wide. The driver stopped the truck close to the right hand curb about fifteen to thirty feet from the corner of Ellery Street.

The coal truck was about six feet wide and of the type which had no hood in front of the driver. The driver asked the plaintiff to go across the street to make a purchase for him. The plaintiff got off the truck on its right side, went around the front to its left, placed his coat on the bumper or mudguard, and, standing with his back toward the truck and about five or six feet from the front of the truck, looked to the left and there was no motor vehicle approaching. He then looked to the right and there was an automobile coming down the street. He waited for it to go by and was about to turn to his left when he was hit by the automobile of the defendant. "There was a clear view in front, and when he got out there, there was nothing coming but one car had passed by from his left, and then there was nothing coming from his left, and then he looked to his right and there was one machine coming but the others had passed by; when that machine passed by he was still standing there; he hadn't started to go across, and all he knows is that he was hit . . . . He never saw the car that struck him." He was then about fifteen feet from the middle of the street. A companion who was riding on the seat of the truck with the driver and the plaintiff testified that he saw the plaintiff jump off the truck to the sidewalk, put his coat on the mudguard or bumper, and walk around the front of the truck and stand there "about a moment," and that then he heard the automobile strike the plaintiff. He picked up the plaintiff, whom he found lying in the street with his head two or three feet from the front of the truck, and his feet toward the middle of the street. He also picked up the right front or rear door handle of the defendant's automobile, which was broken off. The defendant's automobile was stopped within a distance of about thirty feet of the plaintiff as he lay in the street.

This evidence was sufficient to warrant a finding of negligence on the part of the defendant. It is manifest that it might have been rightly inferred from the testimony and from the circumstances that the defendant approached the plaintiff standing near the truck on the lookout for his own

safety when there was no other traffic and struck him a severe blow sufficient to throw him headlong on the street and to break off a handle of one of the doors of the defendant's automobile, and that he went on for thirty feet before stopping his automobile. The plaintiff must have been in plain view of the defendant as the latter approached. If the defendant had been at all observant of the street, he could not have failed to see the plaintiff in time to avoid the accident. By the use of ordinary caution he would have inflicted no injury on the plaintiff. The defendant might have stopped or turned to his left and passed in safety. The case falls within the authority of numerous decisions. *Rogers* v. *Phillips*, 217 Mass. 52. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. *Butler* v. *Graves*, 284 Mass. 84. *Durling* v. *Lamontain*, 277 Mass. 517. *Mulroy* v. *Marinakis*, 271 Mass. 421, 424. *Jean* v. *Nester*, 261 Mass. 442, 444. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 276, 277. *Legg* v. *Bloom*, 282 Mass. 303, 305. *Carbonneau* v. *Cavanaugh*, 290 Mass. 139, 141. *Derby* v. *Railway Express Agency, Inc.* 295 Mass. 438. *Noyes* v. *Whiting*, 289 Mass. 270. No discussion is required to distinguish the case at bar from *Lovett* v. *Scott*, 232 Mass. 541; *Nager* v. *Reid*, 240 Mass. 211; *McGrimley* v. *Jameson*, 297 Mass. 280; *Rogers* v. *Dalton*, *ante*, 146, and similar authorities upon which the defendant relies.

           *Exceptions overruled.*