BURDETT H. MILLIMAN *vs.* ALTON COULTER.

Berkshire.   September 20, 1938. — October 26, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory.

Evidence of the circumstances in which a plaintiff, standing in a private driveway about three feet back from the travelled part of a public way, was struck by an automobile whose operator saw him when fifty feet away and unnecessarily and suddenly swerved toward him, warranted a finding that the operator was negligent and did not require a ruling of contributory negligence of the plaintiff.

TORT. Writ in the District Court of Central Berkshire dated January 6, 1936.

On removal to the Superior Court, the action was tried before *Broadhurst,* J., who denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $6,950.75. The defendant alleged exceptions.

The case was submitted on briefs.

*F. M. Myers,* for the defendant.

*J. F. Noxon & M. L. Eisner,* for the plaintiff.

RONAN, J. The plaintiff, about half past four on the afternoon of February 9, 1935, stood in a private driveway,

about three feet westerly of the travelled part of a highway which was about twenty feet wide. The roadway had been ploughed out to a greater width, about twenty-two or twenty-three feet, and snow was piled on both sides about three feet high. The driveway and its connection with the highway were free from snow. The plaintiff was waiting for a truck which was approaching from the south on the easterly side of the highway. The truck and the defendant's automobile, which was travelling south on the west side of the highway, reached a point opposite the driveway at about the same time. There was evidence warranting a finding that as the defendant's automobile got close to the driveway it swerved to the west, without any impelling necessity, and its right side hit the plaintiff, who was seen by the defendant when fifty or sixty feet away and who was standing still two or three feet from the earlier course of the automobile. There was evidence that there was plenty of room for the defendant's automobile to pass between the truck and the plaintiff without striking either. Upon this evidence, the jury could find the defendant negligent. *Rogers* v. *Phillips*, 217 Mass. 52. *Forzley* v. *Bianchi*, 240 Mass. 36. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *Spain* v. *Oikemus*, 278 Mass. 544. *Butler* v. *Graves*, 284 Mass. 84. *Derby* v. *Railway Express Agency, Inc.* 295 Mass. 438. *Perricotti* v. *Andelman*, 298 Mass. 461. The plaintiff was not guilty of contributory negligence as matter of law. *Hennessey* v. *Moynihan*, 272 Mass. 165. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51. *McGuiggan* v. *Atkinson*, 278 Mass. 264. *Noyes* v. *Whiting*, 289 Mass. 270. *Elfman* v. *Kronenberg*, 299 Mass. 492. It could have been found that the defendant negligently changed the course of his automobile so suddenly that the plaintiff could do nothing to save himself.

*Exceptions overruled.*