*Southern District*

## ANASTASIA L. PLESCIA, PPA, ET AL

v.

## BARBARA R. CAVANAUGH

Argued: Apr. 29, 1969.   Decided: Oct. 8, 1969.

*Present:* Nash, P.J., Owen, Murphy, J.J.

Case tried to *Colten, J.* in the Municipal Court of West Roxbury     No. 27206

*Owen, J.*   This is an action of tort in which the plaintiffs seek to recover damages allegedly sustained as a result of the negligent operation of a motor vehicle by the defendant, her agents, servants or employees. The defendant's answer is general denial, contributory negligence and denial of agency.

*There was evidence that* the plaintiff mother was crossing Water Street at the intersection of Washington Street carrying her baby. An

automobile turned from Washington Street into Water Street and brushed against the plaintiff mother causing her to fall. The plaintiff had looked both ways before starting to cross. The plaintiff's sister was walking behind the plaintiff and saw the car turn right onto Water Street from Washington Street; she saw the front side of the car brush her sister and the car continued down Water Street, stopped momentarily and then continue on; a man was driving the car and the plaintiff's sister wrote down the car registration number. The defendant admitted she owned an automobile with the registration number noted by the plaintiff's sister. The defendant denied that her automobile was in the vicinity of the accident at the time of the accident. The defendant seasonably filed five requests for rulings; the court disallowed number one and found number five inapplicable.

The court found as fact the above recited evidence and in addition found that the automobile was registered in the name of the defendant and that the operator of the automobile was negligent.

The court found for the plaintiffs.

■ G.L. c. 231, § 85 places the burden of proof of contributory negligence on the defendant. The report contains no evidence of contributory negligence on the part of the plaintiff and she is therefore presumed to be in the exercise of due care.

■ Defendant's request for ruling number one·was

"Upon all the evidence, a finding for the plaintiff is not warranted."

This request was properly disallowed for lack of specifications as required by Rule 27 of the District Courts. *Perma-Home Corp.* v. *Nigro*, 346 Mass. 349, 353.

■ Defendant's request for ruling number five was

"If the court finds that the operator of the automobile was not acting within the scope of his, employment, or as agent for the defendant, General Laws, Chapter 231, Section 85A becomes inapplicable and a finding for the plaintiffs in unwarranted".

The court ruled this request "inapplicable".

It is well established in our law that a trial judge is not required to make findings of fact.

■ It is also settled that a trial judge in the District Courts is not required to set forth findings of fact where a request for ruling is denied without statement of the ground. Rule 27, District Courts (1965). *Memishian* v. *Phipps*, 311 Mass. 521.

■ The burden of proof of lack of agency on the part of the operator of the defendant's vehicle is an affirmative defense to be set up in the answer and proved by the defendant. Failure to sustain this burden of proof by the defendant makes proof of registration of the

vehicle in the name of the defendant *prima facie* evidence that the car was being operated by and under the control of a person for whose conduct the defedant was legally responsible. G.L. c. 231, § 85A.

There is no evidence in the report on the question of lack of agency. The statute therefore does apply to the matter under consideration. The defendant has not sustained the required burden of proof.

The defendant claims that the finding of the court that the operator of the vehicle in question was negligent was not justified by the evidence.

It is well settled in our law that the general and special findings of a trial judge will stand if they can be supported on any reasonable interpretation of the evidence and all rational references which might be drawn therefrom. *Mass.* v. *Old Colony Trust Company*, 246 Mass. 139.

A pedestrian has the right to expect that a motor vehicle approaching him will slow down and observe the other requirements of G.L. c. 90, § 14.

The trial judge could have inferred from the evidence the the defendant operator should have seen the plaintiff and in the exercise of due care should have avoided striking her and the fact that the defendant did strike the pedestrian was negligence. *Buckman* v. *Mc-*

*Carthy*, 320 Mass. 551, *Hutchison* v. *H. E. Shaw Co.*, 273 Mass. 51 and cases cited. *Barrett* v. *Checker Taxi Co.*, 263 Mass. 252.

It is apparent from what has been said heretofore that there was no prejudicial error.

*It is ordered that the report be dismissed.*

EDMUND M. HURLEY

of Boston for the plaintiff,

ALFRED SIGEL

of Boston for the defendant.