BARTHOLOMEW CURRAN *vs.* MASSACHUSETTS BAY TRANS-
PORTATION AUTHORITY. December 10, 1973. This action of tort to recover
for personal injuries sustained by the plaintiff when struck by the
defendant's truck is here on the plaintiff's exception to the allowance of
the defendant's motion for a directed verdict presented at the close of the
plaintiff's evidence. The evidence most favorable to the plaintiff is
summarized: At midday on August 22, 1969, the plaintiff, after looking
in both directions along Broadway in South Boston without seeing any
traffic approaching from either direction, started to cross Broadway
from north to south between the white lines of a plainly marked
crosswalk at the intersection of Broadway and K Street; slightly ahead of
the plaintiff and to his right was a blind man whose arm the plaintiff was
holding and whom he was assisting across the street. Broadway in that
vicinity is straight, approximately level, and of a width sufficient to
accommodate two lanes of traffic in each direction even when a line of
vehicles is parked parallel to each curb. The defendant's employee,
driving its truck in a westerly direction along Broadway in the direction
of the K Street intersection at a speed of approximately ten miles per
hour, had a clear and unobstructed view of and beyond the intersection
as he approached the same. The plaintiff had almost crossed the path of
the oncoming truck when he was struck; he had not seen the truck. The
defendant's employee had not seen the plaintiff or applied his brakes
until he was within three or four feet of the plaintiff; the course of the
vehicle from the time the employee first saw the plaintiff to the point of
impact was straight ahead. On the evidence there was a question of fact
for the jury whether the defendant's employee in the exercise of due care
should have seen the plaintiff (in the company of the blind man) in
sufficient time to avoid the accident by stopping or by passing behind
the plaintiff. *Jean* v. *Nester,* 261 Mass. 442, 445 (1927). *Mulroy* v.
*Marinakis,* 271 Mass. 421, 422-424 (1930). *Legg* v. *Bloom,* 282 Mass. 303,
305 (1933). *Bryant* v. *Emerson,* 291 Mass. 227, 228 (1935). *Derby* v.
*Railway Exp. Agency, Inc.* 295 Mass. 438, 439-441 (1936). *Perricotti* v.
*Andelman,* 298 Mass. 461, 462-463 (1937). *Herlihy* v. *Kane,* 310 Mass.
457, 460 (1941). *Reed* v. *Union St. Ry.* 320 Mass. 706, 708-709 (1947). The
present case is distinguishable from ones such as *Helie* v. *Goldstein,* 338
Mass. 22, 24 (1958), in which the vehicle was stopped as soon as possible
after the defendant could have seen the plaintiff. There is no contention
that the plaintiff in this case was guilty of contributory negligence as

matter of law. See *Durling* v. *Lamontain,* 277 Mass. 517 (1931); *Shoobridge* v. *Callahan,* 310 Mass. 632, 633-635 (1942).

*Exceptions sustained.*

*Nathan Greenberg* for the plaintiff.
*Edward U. Lee* for the defendant.