GODFROY MOGÉ *vs.* SOCIÉTÉ DE BIENFAISANCE ST. JEAN BAPTISTE.

Middlesex.   November 13, 1896. — January 8, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Beneficiary Association — By-Law— Incapacity of Member "by Reason of Sickness or Accident" — Blindness caused by Injury.*

A by-law of a society, providing that " a member who shall find himself incapable of working, by reason of sickness or accident," shall receive a certain sum weekly, applies to a member whose incapacity to work arises from total blindness caused by an accidental injury to one eye, the effect of which gradually extended to the other eye.

CONTRACT, by a member of the defendant society, to recover benefits claimed to be due to the plaintiff under its by-laws.   At the trial in the Superior Court, before *Lilley,* J., without a jury, the defendant asked the judge to rule that, upon the evidence, the plaintiff could not recover.   The judge refused so to rule; found for the plaintiff for the amount claimed; and, by agreement of the parties, reported the case for the determination of this court.   If the ruling was right and the finding was warranted, judgment was to be entered thereon; otherwise judgment for the defendant.   The facts appear in the opinion.

*W. S. B. Hopkins,* for the defendant.

*J. J. Harvey, (J. H. Guillet* with him,) for the plaintiff.

KNOWLTON, J.   The plaintiff has been totally blind for many years.   There seems to be no doubt upon the evidence that his

blindness was caused by an accidental injury to one of his eyes, the effects of which gradually extended to the other. The judge found that his disability arises from total blindness, the result of an injury received about twenty years ago. The exception to the finding as not warranted by the evidence has not been argued, and the only other exception is to the refusal to rule that upon the evidence the plaintiff could not recover.

It is contended that the plaintiff's condition of total blindness, although the result of an injury which produced the disease in the eyes that finally left them sightless, does not entitle him to relief under the contract, and the argument in substance is that the contract gives the plaintiff a right to receive relief only so long as sickness continues, or as he is suffering the direct primary effects of an accident. It is also contended that his blindness is not sickness, within the meaning of the contract. We think the argument is not sound. The stipulation of the contract is, according to the translation agreed to by the parties, that "a member who shall find himself incapable of working, by reason of sickness or accident, shall receive the sum of five dollars per week," etc. It is not denied that the plaintiff is a member who is incapable of working. He is in a condition of incapacity by reason of sickness or accident. Whether the diseased condition of the eyes caused by the accident be called sickness or not is immaterial, for his condition of total blindness, which is a condition of incapacity to work, is by reason of an accident which injured one of his eyes, and through that injury deprived him of sight. The words "by reason of" refer to the active efficient procuring cause of which the incapacity to work is the consequence. In *Freeman* v. *Mercantile Accident Association*, 156 Mass. 351, 353, which was an action on a policy insuring against death from accident, it is said that "an injury which might naturally produce death in a person of a certain temperament or state of health is the cause of his death, if he dies by reason of it, even if he would not have died if his temperament or previous health had been different; and this is so, as well when death comes through the medium of a disease directly induced by the injury, as when the injury immediately interrupts the vital processes." So in *Lynn Gas & Electric Co.* v. *Meriden Ins. Co.* 158 Mass. 570, 575, it is said that "the active efficient cause that sets in

motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases." We are of opinion that the ruling was correct.                    *Judgment on the finding.*