EDGAR G. BINNS, administrator, *vs.* SAMUEL BLAKE.

Suffolk. December 14, 1934. — January 3, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Negligence*, Proximate cause. *Practice, Civil*, Requests, rulings and instructions.

Where, at the trial of an action for death, the jury were accurately and sufficiently instructed to the effect that the burden was on the plaintiff to prove that the death was caused by the conduct of the defendant, no error was disclosed in the refusal of certain requests by the defendant for rulings, which were addressed to mere fragments of the evidence on the issue of the causal connection between such conduct and the death.

TORT for causing conscious suffering and the death of the plaintiff's intestate. Writ in the Municipal Court of the City of Boston dated November 23, 1933.

Upon removal to the Superior Court, the action was tried before *F. T. Hammond*, J. Material evidence and rulings requested by the defendant and refused by the judge are described in the opinion. There were verdicts for the plaintiff, in the sum of $3,570.87 on the count for death and in the sum of $1,500 on the count for conscious suffering. The defendant alleged exceptions.

The case was submitted on briefs.

*T. H. Mahony*, for the defendant.

*A. V. Harper*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for the conscious suffering and death of the plaintiff's intestate. There was evidence tending to show that on September 17, 1933, the intestate, about seventy years of age, while crossing a street on foot in the exercise of

due care, was struck by the negligently operated automobile of the defendant. The intestate received injuries consisting of four broken right ribs, compound fracture of the right lower leg, an area of the tibia one inch long protruding from the wound, and multiple contusions and abrasions. He was taken to a hospital at once, where he received surgical treatment under ether and constant medical attention, and on October 1 developed pneumonia and died on October 2, 1933. The medical examiner who performed the autopsy and inspected the hospital record testified that, in his opinion, because of pneumonia sharply focused in the lower lobe of the right lung in relation to fractures of four ribs on the right side, two of which bent inwardly and pressed against the lower right lung, the intestate died as a result of bronchopneumonia in conjunction with broken ribs and other injuries sustained through the accident; that the fractured ribs led to injury and irritation of the overlying lung and that lung process was responsible for the death; that bronchopneumonia is a germ disease; that the germ might have been there at the time of the accident or might have entered the body after the accident; that it was impossible to determine exactly when the pneumonia developed "except the general age of the process in the lung"; that he could not say that the deceased had not developed pneumonia in connection with ether; that in his opinion the bronchopneumonia started with the accident and continued as a low grade process and reached its maximum with death, and that the deceased died as a result of the accident.

The defendant requested instructions to the effect that there could be no recovery on the death count in the plaintiff's declaration (1) if "the pneumonia which caused the death of the deceased resulted from germs introduced into the body of the deceased after the date of the accident," and (2) if the plaintiff failed to prove "that the pneumonia germ which caused the death of the deceased" was in his body "prior to or at the time of the accident." These requests were denied rightly. Whatever else may be said of them they were not applicable to the testimony but were

addressed to partial and isolated aspects of it not supported by the testimony as a whole. The jury were accurately and sufficiently instructed to the effect that the burden was upon the plaintiff to prove that the accident caused the death of his intestate and that, if some causes other than the accident, intervening after the accident, caused the death, then there could be no recovery on the count for causing death. *Charles* v. *Boston Elevated Railway*, 230 Mass. 536, 540–541. *Kelleher* v. *Newburyport*, 227 Mass. 462, 465. *Walker* v. *Gage*, 223 Mass. 179. *Larson* v. *Boston Elevated Railway*, 212 Mass. 262, 267–268.

*Exceptions overruled.*