CHARLES DELLAPENNA *vs.* VINCENT J. IRWIN, JUNIOR.

Hampden.    April 29, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil*, Exceptions: whether error harmful; Charge to jury. *Negligence*, Of physician. *Proximate Cause.*

Although ordinarily, in an action for negligence, an instruction to the jury that the defendant's negligence "must be the sole cause of" the plaintiff's injury would be erroneous, such an instruction was not error prejudicial to the plaintiff at the trial of an action against a physician for malpractice where, in view of other parts of the charge, the jury must have understood the instruction to mean only that the plaintiff could not recover if his injury was caused partly by the defendant's negligence and partly by his own negligence, which was in issue.

TORT. Writ dated June 1, 1922.

The action was tried in the Superior Court before *Broadhurst*, J. There was a verdict for the defendant. The plaintiff alleged an exception.

The case was submitted on briefs.

*J. R. Nolen & S. Resnic*, for the plaintiff.

*G. D. Cummings, E. B. Landis & M. H. Kelliher*, for the defendant.

QUA, J. This is an action of tort by a patient against a physician to recover damages alleged to have been sustained as the result of negligence and unskilful treatment by the defendant of cataracts in the plaintiff's eyes.

There was evidence that before being operated upon by the defendant the plaintiff had a substantial amount of vision, but that at the trial of the case after the operation the plaintiff was nearly blind. There was conflicting evidence as to whether or not negligence of the defendant brought about this loss of vision. There was a verdict for the defendant.

The judge instructed the jury in various forms of words that the plaintiff had the burden of proving that this impairment of his vision "was the result of the doctor's neglect alone, and of nothing else." The plaintiff excepted "to that part of the charge in which . . . [the judge instructed] the jury that the doctor's negligence must be the sole cause of the injury." This is the only exception before us.

Ordinarily in an action based on negligence such an instruction would be both inadequate and incorrect. Liability is founded upon proximate cause, which is not necessarily the sole cause. *McDonald* v. *Snelling*, 14 Allen, 290. *Lane* v. *Atlantic Works*, 111 Mass. 136. *Leahy* v. *Standard Oil Co. of New York*, 224 Mass. 352. *Milbury* v. *Turner Centre System*, 274 Mass. 358. The same principles of causation are applicable to actions for malpractice as apply to other actions.

But a careful examination of the record in this particular case leads to the conclusion that the instructions here given could not have been misapplied by the jury and were not error. The evidence suggested three possible causes for the unfortunate condition in which the plaintiff found himself at the time of the trial: (1) It may have been wholly or partly the natural development and outgrowth of the condition of the plaintiff's eyes at the time when he first con-

sulted the defendant, whatever the cause of that condition had been.  (2) It may have been due wholly or partly to contributory negligence of the plaintiff after he consulted the defendant.  (3) It may have been due wholly or partly to negligence of the defendant after he was consulted by the plaintiff.

Of course the plaintiff was not entitled to recover for any of the unavoidable consequences of his original ailment, but was entitled to recover only for such additional suffering and impairment of vision as came about from a breach of duty by the defendant.  In this aspect of the case, the question was the same as that often presented to juries where a person already suffering from some physical defect or disease is further injured by negligence of the defendant.  *Larson* v. *Boston Elevated Railway*, 212 Mass. 262, 267.  This phase of the case was covered by correct instructions, and the causal effect of the plaintiff's original condition was dealt with fully in other parts of the charge.

When, therefore, the judge referred to the necessity that the defendant's negligence must be the sole cause of the injury, the jury could not have understood him to mean that there could be no recovery if the plaintiff's original disease still contributed to his present condition.  They must have understood that in using this language the judge had in mind the only remaining possible cause other than negligence of the defendant, i.e. contributory negligence of the plaintiff.  It was correct to instruct the jury that as between negligence of the defendant and contributory negligence of the plaintiff there could be no recovery unless negligence of the defendant was the sole cause.  The case is closely parallel to *Hibbard* v. *Thompson*, 109 Mass. 286.

The exception taken raises no question as to the correctness of the instruction given on the burden of proof in so far as it related to contributory negligence.  G. L. (Ter. Ed.) c. 231, § 85.  We do not pass on that.

*Exceptions overruled.*