SALLY F. BRYANT *vs.* WILLIAM R. P. EMERSON.

Suffolk.    May 14, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way. *Damages*, For tort.

The questions of the defendant's negligence and the plaintiff's due care were for the jury on the evidence at the trial of an action for personal injuries sustained by an elderly woman when she was struck by an automobile operated by the defendant at the middle of a street on a dark, misty and rainy evening.

At the trial of an action for personal injuries alleged to have resulted from the defendant's negligence, there was no error in the instructions to the jury on the subject of a preëxisting ailment of the plaintiff.

TORT. Writ in the Municipal Court of the City of Boston dated January 4, 1933.

Upon removal to the Superior Court, the action was tried before *Gibbs*, J. The defendant's eighth request for ruling was as follows: "There is no evidence that any strained condition of her back present at the time of the accident was accelerated or increased by reason of the accident." There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*R. J. Walsh*, (*G. B. Rowell* with him,) for the defendant.
*R. J. Coffin*, (*R. G. Brosseau* with him,) for the plaintiff.

QUA, J. The plaintiff, an elderly woman with defective eyesight, while crossing Beacon Street in Boston, was struck and injured by an automobile, driven by the defendant, in the late afternoon of October 20, 1932. It was dark, misty and rainy. There was evidence that the street was about seventy-five feet wide; that construction work was going on, and the surface was very rough; that the defendant was driving at a speed variously estimated at from fifteen to twenty-five miles an hour and was "swaying" or "swinging all ways" to avoid the holes; that the accident happened at about the middle of the street; that the defendant

did not see the plaintiff until she was three or four feet in front of his right mudguard; and that she "did not quite get by" and was struck by the left mudguard.

The plaintiff testified that she waited at the corner for some automobiles to pass and then stepped off the curb, and when she got by some parked automobiles where she could see, she looked to her left, the direction from which the defendant came, and saw the lights of automobiles which were "stopped" at Audubon Road about three hundred thirty feet away when she last saw them. Then she started to cross. When she was about at the middle of the street, she was hit "in the back of the left side." Before crossing she saw no more automobiles coming from either direction.

Without stating the evidence in further detail, we find nothing which should differentiate this case from a great array of cases of pedestrians crossing streets in which the negligence of the defendant and the due care of the plaintiff have been held to be questions for the jury. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51. *Arnold* v. *Colbert,* 273 Mass. 161. *Durling* v. *Lamontain,* 277 Mass. 517. *McGuiggan* v. *Atkinson,* 278 Mass. 264. *Noyes* v. *Whiting,* 289 Mass. 270.

The judge could not have ruled that the plaintiff was negligent because she did not wear her glasses. There was no evidence that under the existing conditions she could have seen better with them or that not wearing them had anything to do with the accident.

The defendant's eighth request for ruling was rightly denied. On cross-examination of the plaintiff the defendant had brought out the facts that after a previous accident in February, 1932, and before that at a hospital in 1931, the plaintiff had complained of an injury to or pain in her back. On cross-examination of the plaintiff's physician the defendant had elicited evidence that if the plaintiff had a sacro-iliac strain in 1931, it might persist for a year and a half. This evidence of former injury, brought out by the defendant, had no place in the case unless the defendant intended the inference to be drawn that the effects

of it were still present in some form at the time of the accident in October, 1932. There was ample evidence that the plaintiff's back was strained or injured after the October accident and that it was worse than it had been immediately before that accident. The jury could find that "any strained condition of her back [which was] present" at the time of that accident was "accelerated or increased by reason of the accident." There was no error in the instructions given on this same subject. The jury were told that the plaintiff could recover only such damages as she sustained from the injury for which the action was brought and that the burden of proof was upon her. *Larson* v. *Boston Elevated Railway*, 212 Mass. 262, 268.

*Exceptions overruled.*