Agnes, Peter W., J.
Introduction
The plaintiff, Esmeralda Lima (hereinafter “Lima”), has filed this action seeking damages from the defendants, Jack C. Marshall (hereinafter “Marshall”) and Katherine M. Bourgeois (hereinafter “Bourgeois”), for injuries she alleges she sustained on February 1,2001 when Lima’s vehicle was rear-ended by Marshall who was driving Bourgeois’s vehicle.
Marshall and Bourgeois assert that Lima will be unable to meet the statutory requirements contained in G.L.c. 231, §6D; and therefore, pursuant to Mass.R.Civ.P. 56, they have filed a motion for summary judgment as to Lima’s claims.
Background
The essential facts are not in dispute or may be assumed to be true for purposes of this motion. On February 1st, 2001, at approximately 7:20 a.m., Lima was operating her motor vehicle on Route 2 East in Lancaster, Massachusetts. Plaintiffs Complaint, p. 1. At the same and place, Marshall was operating a motor vehicle owned by Bourgeois with Bourgeois’s knowledge and consent. Id.., p. 1-2. Marshall, due to carelessness and negligence, rear-ended Lima’s vehicle (hereinafter the “first accident”). Id., p. 1. Lima suffered both physical and mental injuries, incurred medical expenses, experienced a loss of earning capacity, and was unable to enjoy her usual life activities. Id., p. 2. Lima had received treatment on three occasions from February 1st, 2001 to March 1st, 2001 amounting to $436.35 in medical expenses. See Plaintiffs Response to the Defendants’ Statement of Facts, Pursuant to Superior Court Rule 9(A) (B)(5), and Additional Material Facts. Id., p. 1.
On March 2nd, 2001, Lima was involved in another automobile accident on Route 2 in Concord, Massachusetts (hereinafter the “second accident”). Id. Lima’s second accident caused an exacerbation of her neck, shoulder/upper back and headache injuries and symptoms which she originally incurred due to the first accident. Id. Following the second accident, Lima amassed an additional $4,575.75 in medical'expenses. Id., p. 2.
Lima contends that her neck, shoulder and headache symptoms from March 2nd, 2001, through the present and continuing are causally related to both the first accident and the second accident, with both having been substantial contributing factors, in combination, of the need for medical treatment subsequent to March 2nd, 2001. See Plaintiffs Memorandum of Law in Support of her Opposition to “Defendants Jack C. Marshall and Katherine M Bourgeois’ Motion for Summary Judgment,” p. 3. Lima is prepared to produce medical evidence indicating that the fair and reasonable medical bills for her treatment causally related to the first accident, in combination with the second accident, exceed $2,000.00. Id. Additionally, Lima contends that she would have amassed at least $2,000 in treatment-related expenses were the second accident not to have occurred. At oral argument, the parties also agreed that the so-called second action has been settled.
Summary Judgment Standard
This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law based upon review of the summary judgment record. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983): Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and “that the summary judgment record entitles the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts . . .” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If a case only involves a question of law, a court will *747 grant summary judgment to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
Discussion
A. General Laws Chapter 231, Section 6D
General Laws chapter 231, Section 6D provides, in pertinent part, that, “In any action of tort brought as a result of bodily injury . . . arising out of the ownership (or) operation of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury . . . for necessary medical . . . services . . . are determined to be in excess of two thousand dollars . . .” (Emphasis added.)
B. Plain Meaning of General Laws Chapter 231, Section 6D
The question for decision is whether the term “incurred” as it appears in G.L.c. 231, §6D requires the plaintiff to prove that at least $2,000 in medical expenses actually exist before suit is filed or whether it allows plaintiff to proceed based on some expectation that such expenses will be incurred in the future. Also, if the word “incurred” means that the expenses must actually exist before suit is filed, can this requirement be met by combining the expenses that resulted from two incidents close in time to each other in circumstances such as those in this case?
It does not appear that either this court or a Massachusetts appellate court has previously considered this question. However, at least one federal court decision does address these questions of Massachusetts law. In Bajowski v. Sysco Corp., 115 F.Sup.2d 133 (D.Mass. 2000), the court was faced with factually similar circumstance to the instant case. Bajowski was involved in three different automobile accidents and brought suit against defendant drivers and others, seeking compensation for her cumulative injuries. A defendant driver, involved in the second of the three accidents, moved for summary judgment on the ground that Bajowski was unable to prove that she incurred more than $2,000 in reasonable and necessary medical expenses as a result of the second collision.
In applying G.L.c. 231, §6D, the court held, inter alia, that: (1) Bajowski could not recover under Massachusetts law for pain and suffering from the driver in the second accident, as only $175 in actual medical bills were fairly attributable to second accident; (2) the fact that Bajowski might have eventually incurred more than $2,000 in expenses if the third accident had not, in effect, closed off any calculation of damages from the second accident was of no consequence with regard to determining if Bajowski’s medical expenses from second accident exceed the $2,000 threshold required to recover for pain and suffering; (3) Bajowski could not meet the $2,000 threshold on theory that all defendants were jointly and severally liable, as the acts of the second and third defendants were not concurrent but were thirteen days apart.
This court agrees with the tLS. District Court’s interpretation of G.L.c. 231, §6D. Under Massachusetts’ scheme of automobile tort liability, a plaintiff may not recover for pain and suffering arising out of a defendant’s operation of a motor vehicle unless the reasonable and necessary expenses incurred in treating plaintiffs injury exceed two thousand dollars. G.L.c. 231, §6D. The purpose of this rule is to eliminate litigation over damages for pain and suffering in cases not marked by grave injury or serious economic loss, and instead assure prompt compensation through no-fault personal injury insurance. See Pinnick v. Cleary, 360 Mass. 1, 5-8 (1971). See also Chipman v Massachusetts Bay Transp. Authy., 366 Mass. 253, 256-57 (1974) (in exchange for PIP coverage owners and operators of vehicles and their passengers injured in accidents surrender, to a limited extent, their right to recover damages in tort actions). However, a plaintiff who fails to meet the $2,000 threshold may still sue for damages which are not related to pain and suffering, such as lost wages, to the extent that those damages exceed coverage under the state’s personal injury protection program. See St. Leger v. Agency Rent a Car, Inc., no. 9219 WL 346464 (Mass.App.Div., Sept. 3, 1993). See also Safety Ins. Co. v. Mass. Bay Trans. Auth., 58 Mass.App.Ct. 99, 103 (2003) (“[A] plaintiff who has no recourse to [PIP] benefits is not barred by G.L.c. 231, §6D, from recovering damages for pain and suffering when the uninsured defendant is expressly exempted from the no-fault scheme by G.L.c. 90, §1A.”) (citation omitted).
No matter how favorable a view one takes of the facts in this case, the plaintiff cannot prove that the February 1st accident was the cause of more than $2,000 in reasonable and necessary medical expenses. Lima incurred only $436.35 worth of medical expenses stemming from treatment she received on three occasions from February 1st, 2001 to March 1st, 2001. These three treatments are the only medical expenses fairly attributable to the February 1st accident and they do not exceed $2,000.00. The second accident on March 2nd, twenty-nine days after the first accident, in effect, closed off any calculation of damages caused in the first accident. No factfinder, on this record, could attribute medical costs after March 2nd to the first accident without engaging in pure speculation.
Lima does not attempt to attribute a specific portion of her post-March 2nd medical expenses to the first accident. Rather, Lima claims that her *748 medical expenses are causally related to both the first accident and the second accident, with both having beensubstantialcontributingfactors, incombination, of the need for medical treatment subsequent to March 2nd, 2001 thereby causing more than $2,000 in medical expenses and meeting the threshold requirement.
The purpose of the statute is to require proof that a plaintiff “incurred” actual medical bills in excess of $2,000 from the accident before she may present her claim for pain and suffering from that event to a juiy. G.L.c. 231, §6D. As noted, Lima simply cannot meet this condition precedent. The fact that Lima might possibly have incurred more than $2,000 in expenses if the second accident had not taken place misses entirely the point of the law. Under the plain meaning of the statute, expenses must have actually been incurred — they may not be speculative or hypothetical. The legislature could have easily included the language “or reasonably may be incurred" when drafting the statute. It did not.
C. Joint and Several Liability
Lima, in her opposition to the instant motion, asks the court to apply theories of joint and several liability. Lima relies on the precedent in Wallace v. Ludwig, 292 Mass. 251 (1935), to persuade this court that Marshall and Bourgeois’s motion for summary judgment should be denied. The cited portions of Wallace are as follows:
[PJroximate cause is that which in a continuous sequence, unbroken by any new cause, produces an event and without which the event would not have occurred. It may be assisted or accelerated by other incidental and ancillary matters, but, if it continues as an operative and potent factor, the chain of causation is not broken . . .
Wallace, 292 Mass. at 254.
[T]he primary cause may be the proximate cause, provided it continues to be efficiently, actively, and potently operative, although successive subsidiary instrumentalities may cooperate to produce the final result . . . This is the general principle applicable to diseases as well as to other results of negligent conduct.
Wallace, 292 Mass. at 255.
Lima alleges that the second accident caused by the negligence of Marshall and Bourgeois created an indivisible harm to plaintiff in excess of $2,000, so she should be allowed to recover against each jointly and severally. Indeed, Lima claims that she need only show that it is more likely than not that the first accident was a “substantial factor” in bringing about her undivided harm to hold Marshall and Bourgeois jointly and severally liable for all her damages.
Massachusetts tort law does not permit this result. The Supreme Judicial Court has required that the negligence of defendants be both concurrent and inseparable for joint liability to attach. See Nolan and Sortorio, 37A Massachusetts Practice, Tort Law 176 (“Thelitmustest[forjointandseveral liability] consists of concurrent negligence and inseparable damages”). The Supreme Judicial Court has articulated the rule as follows. “]I]f two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable.” O’Connor v. Raymark Indus., Inc., 401 Mass. 586, 591 (1988). Here, the accidents were not “concurrent” as they occurred twenty-nine days apart.
D. “Taking Your Plaintiff as You Find Her.”
Lima also cites to Wallace as controlling on the issue of “taking your plaintiff as you find her.”
It is settled that, where an injuiy arising from a cause which entails liability on the defendant combines with a preexisting or a subsequently acquired disease to bring about greater harm to the plaintiff than would have resulted from the injuiy alone, the defendant may be liable for all the consequences. If the injury causes or contributes to cause the development of a preexisting disease, the person liable for the injuiy is liable also for the resulting aggravation. The wrongdoer may be held responsible for the harmful results of the combined effects of his wrongful act and the disease.
Wallace, 292 Mass. at 251.
While this theoiy of tortfeasor liability is well-settled, the reliance on it by Lima is misplaced. Marshall and Bourgeois are the alleged tortfeasors in the first accident. In “taking their plaintiff as they found her,” Lima amassed $436.35 worth of medical expenses before the driver in the second accident “took the plaintiff’ in the condition she was in on March 2nd. Lima is entitled by this well-settled legal theoiy to look to the driver in the second accident for compensation for her injuries, even if these were worse due to the first accident.
Lima is permitted to recover from Marshall and Bourgeois her medical expenses and wage losses[2] from the time of the first accident until the time of the second accident. G.L.c. 90, §34M. Thereafter, Lima must attempt recoveiy from the tortfeasor of the second accident.
ORDER
For the above reasons, the defendant’s motion for summary judgment is ALLOWED.

 Which exceed Lima’s personal injury protection.